Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
Christopher.beckom@gmail.com
Attorney for Plaintiff,
MARISOL RAWSON

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MARISOL RAWSON,

        Plaintiff,

vs.

KOHL'S CORPORATION,

        Defendant.

Case No.:

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff, Marisol Rawson ("Plaintiff"), hereby alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act 47 USC § 227 (hereinafter "TCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "the Rosenthal Act" or "RFDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Eureka, California. Plaintiff is both a natural person and a consumer.

5. Kohl's Corporation (hereinafter "Kohl's" or "Defendant") is a corporation doing business in the State of California, with its corporate address as N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. Plaintiff has been a Kohl's customer for years.

7. To this end, Plaintiff owned a Kohl's credit card and used it for personal purchases.

8. In 2015, Plaintiff paid her Kohl's card in full.

9. Nonetheless, Kohl's continued to collect against Plaintiff for debts allegedly owed.

10. To this end, Kohl's began calling Plaintiff's cellular phone incessantly.

11. When Plaintiff would pick up the calls, Plaintiff would hear a delayed pause prior to hearing a human on the other line indicating that Kohl's was using an autodialing system to call Plaintiff. Plaintiff would also hear beeping.

12. In early 2018, Plaintiff requested that Kohl's stop calling her for the alleged debt on a number of occasions. Despite this, Kohl's continued to call her.

13. Plaintiff also sent letters to Kohl's asking that they stop calling her, to no avail.

14. Plaintiff received hundreds of phone calls, many times per day, despite her requests to no longer be called.

15. Plaintiff has suffered annoyance and emotional distress from Kohl's illegal conduct.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

16. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

17. Plaintiff never provided consent to receive calls from Defendant, and even revoked consent on at least one occasion.  Despite this, Defendant continued making auto dialed calls to Plaintiff's cellular phone.

18. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff seeks statutory damages, treble damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT II
## INVASION OF PRIVACY—INTRUSION UPON SECLUSION

19. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs and incorporates them as if set forth specifically herein.

20. Defendant's outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

21. Defendant intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

22. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

23. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

24. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount to be determined by proof and a finder of fact at trial.

25. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

27. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

28. Defendant negligently inflicted emotional distress.

29. Defendant breached a duty imposed and failed to exercise ordinary care.

30. Defendant owed Plaintiff a duty to refrain from unlawful debt collections, unlawful telephone conduct, and a duty to abide by the Telephone Consumer Protection Act.

31. The breach of such duty proximately caused injury to Plaintiff.

32. The injury resulted from an occurrence the nature of which these statutes and rights were designed to protect Plaintiff from.

33. Plaintiff is a member of the class of persons the statutes were designed to protect.

34. Defendant's conduct, as described herein, was wrongful conduct in that the Defendant conducted their business in an abusive, oppressive, and harassing manner.

35. Further, Defendant negligently trained, supervised, and retained, its employees and agents.

36. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendant's wrongful conduct has caused harm as described above.

37. It is clearly foreseeable that Defendant's actions as described herein could cause harm, including severe and serious emotional distress.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

39. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

40. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

41.     Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

42.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

43.     Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff seeks actual damages, punitive damages, costs, interest, and such other and further relief as may be just and proper.

## COUNT V
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §§ 1788.17

42.     Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

43.     Defendant has engaged in harassing conduct against Plaintiff in violation of 15 USC § 1692c(C) and 15 USC § 1692d(5).

44.     The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

45.     Accordingly, Defendant's conduct violates the Rosenthal Act.

46.     Defendant's actions were knowing and willful.

47. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff seeks actual damages, statutory damages, costs, interest, attorney's fees, and such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

48. Plaintiff demands a jury trial on all issues so triable.

Dated: January 2, 2019.

/s/ Christopher G. Beckom

Christopher G. Beckom, Esq., SBN 306557
Law Offices of Christopher Glenn Beckom
1307 W. 6th Street, Suite 223
Corona, California 92882
Christopher.beckom@gmail.com
Attorney for Plaintiff,
MARISOL RAWSON